Entered: November 16th, 2020
Signed: November 16th, 2020



MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# at Baltimore

| | |
|---|---|
| In re: | |
| Robert Charles Dunkes, Sr., | Case No. 19-19194-MMH |
| Debtor. | Chapter 13 |
| | |
| Santander Consumer USA, Inc., | |
| Movant, | |
| v. | |
| Robert Charles Dunkes, Sr., et al., | |
| Respondents. | |

## MEMORANDUM OPINION

The chapter 13 bankruptcy process strives to balance the rights of debtors and creditors to the greatest extent possible, distributing some funds to the debtor's creditors and ultimately providing the debtor with a fresh financial start. In general, a chapter 13 debtor only receives a bankruptcy discharge if the Court confirms a multi-year repayment plan and the debtor completes all payments under that plan. The objectives of chapter 13 and the Bankruptcy Code[1] more

---

[1] 11 U.S.C. §§ 101 et seq. (the "Code").

1

generally thus, to some extent, rest on the finality of a confirmed plan. That plan establishes, among other things, the general treatment of creditors' claims and defines the debtor's path to discharge.

Courts have long recognized the res judicata effect of confirmed chapter 13 plans. As the U.S. Supreme Court has explained, "[c]onfirmation has preclusive effect, foreclosing relitigation of 'any issue actually litigated by the parties and any issue necessarily determined by the confirmation order.'" *Bullard v. Blue Hills Bank*, 575 U.S. 496, 135 S. Ct. 1686, 1692 (2015). To that end, the chapter 13 confirmation process contemplates notice and due process for all potential parties in interest, including creditors. If a creditor does not take advantage of its opportunity to object to a debtor's proposed chapter 13 plan, that creditor cannot later complain about the terms of the confirmed plan.

The creditor's pending motion relies upon an alleged lack of adequate protection as grounds to lift the automatic stay in this case. The debtor responds that the confirmed modified chapter 13 plan addresses any adequate protection issues relating to the creditor's claim. This matter is further complicated by an interruption in plan payments under the debtor's original plan and then the filing of a modified plan under the CARES Act.[2] The Court has considered the parties' respective arguments and has reviewed the applicable sections of the Code and the relevant case law. Based upon this review and as further explained below, the Court determines that the confirmed modified plan in this case bars continued litigation concerning, and sufficiently addresses, any preconfirmation adequate protection issues. The Court thus will deny the motion without prejudice.

---

[2] Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281.

I. **Relevant Background**

Robert Charles Dunkes, Sr., the above-captioned debtor (the "Debtor"), filed this chapter 13 case on July 5, 2019. The Debtor then filed his chapter 13 plan on September 4, 2019. ECF 24. In connection with his plan, the Debtor also filed a chapter 13 plan supplement, which sought to determine the value of the secured claim asserted by Santander Consumer USA, Inc. (the "Creditor"). ECF 25. Specifically, the supplement indicated that the value of the collateral securing the Creditor's claim, namely a 2013 Volkswagen CC Sport (the "Vehicle"), was $7,825.00. The Debtor served the chapter 13 plan and the plan supplement on the Creditor. The Creditor did not file an objection to either the plan or the plan supplement. The Court entered a Statement of Review relating to the plan supplement on October 23, 2019 and an Order confirming the chapter 13 plan on October 28, 2019. ECF 28, 30.

At the time of confirmation, the Debtor was employed by the United States Postal Service, and the Court entered a wage order directing the Debtor's employer to make the payments required by his plan directly to the Chapter 13 Trustee. ECF 31. As further detailed below, the Debtor ceased working in February 2020, which eventually stopped payments under the wage order. This employment interruption triggered a default under the Debtor's chapter 13 plan. The Creditor then filed a Motion for Relief from Stay (the "Stay Motion"), seeking relief from the automatic stay of section 362(d) of the Code to exercise its state law remedies with respect to the Vehicle. ECF 35. The Debtor filed an objection to the Stay Motion and, immediately prior to the hearing on the Stay Motion on September 17, 2020 (the "September Hearing"), filed a Motion to Modify Plan (the "Plan Motion"). ECF 38, 40.

At the September Hearing, the parties set forth their respective positions on the record. The Creditor emphasized the default in plan payments and its lack of adequate protection. Tr., ECF 45 at 4–5, 8–9. The Debtor explained the interruption in his employment, the fact that he had since

3

been able to return to work, and his desire to modify his chapter 13 plan to cure the existing plan defaults and facilitate payment of claims thereunder. *Id*. at 10, 12. The Court treated the September Hearing as a preliminary hearing and continued the matter to October 28, 2020 (the "October Hearing").

The Debtor's Plan Motion was served on the Creditor and the attached notice explained that parties needed to file any objection to the proposed modified plan on or before October 15, 2020, and that if objections were filed, the Court would hold a hearing on the Plan Motion on October 28, 2020. The notice further stated that "[i]f you or your lawyer do not file and serve a timely response to the motion, the court may find that you do not oppose the relief sought in the motion and may grant or otherwise rule on the motion without a hearing." ECF 40. Neither the Creditor nor any other party filed an objection to the Plan Motion. The Chapter 13 Trustee filed a Line of No Opposition to the Plan Motion. ECF 41. The Court then entered an Order granting the Plan Motion. ECF 42.[3]

At the October Hearing, the Creditor again restated its argument that it lacked adequate protection and that cause existed under section 362(d) of the Code to lift the automatic stay. The Debtor argued that the modified plan provided for the payment of the Creditor's claim and precluded any further arguments concerning a lack of adequate protection of the Creditor's interest in the Vehicle. The Court took the matter under advisement at the conclusion of the hearing.

## II.    Jurisdiction and Legal Standards

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Under 28 U.S.C. § 157(a) and its Local Rule 402, the United States District Court for the District of Maryland has

---

[3] The Debtor's Modified Chapter 13 Plan was then filed on the docket on October 23, 2020. ECF 43.

4

referred this case to the Court. This matter is a statutorily core proceeding under 28 U.S.C. §§ 157(b)(1) and (b)(2). The Court has constitutional authority to enter final orders in this matter.

Section 362(a) of the Code provides that the filing of a bankruptcy petition stays, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The automatic stay essentially stops most collection efforts against a debtor to provide the debtor (or bankruptcy trustee) with an opportunity to assess and resolve those claims through the bankruptcy case. The automatic stay is not, however, indefinite; for example, creditors may seek relief from the automatic stay under section 362(d) of the Code.

Section 362(d) of the Code provides, among other things, that a bankruptcy court shall grant a moving party relief from the automatic stay imposed by section 362(a) if, among other things, (i) cause exists or (ii) the debtor lacks equity in the asset and the asset is not necessary for an effective reorganization. 11 U.S.C. §§ 362(d)(1), (2). Under section 362(d)(1), a debtor's failure to make postpetition payments to a creditor may constitute a lack of adequate protection and cause for granting relief from the automatic stay. *See, e.g., In re Dumbuya*, 428 B.R. 410, 416 (Bankr. N.D. Ohio 2009) ("A debtor's failure to make periodic cash payments may constitute, and commonly forms, the basis for a creditor's assertion that 'cause' exists to relieve the automatic stay based upon a lack of adequate protection."). "While 'adequate protection' is not defined by the Bankruptcy Code, whether a particular secured creditor is adequately protected is a determination to be made on a case-by-case basis and is within the discretion of the Court." *In re Franklin Equip. Co.*, 416 B.R. 483, 522–23 (Bankr. E.D. Va. 2009). The Bankruptcy Code further offers guidance on what a debtor may provide a creditor to adequately protect the creditor's interest. 11 U.S.C. § 361.

Although not specifically addressed by the Stay Motion, this matter also involves the standards governing confirmation of a chapter 13 plan. Section 1325 sets forth the requirements for confirmation of a chapter 13 plan. With respect to a secured creditor, section 1325(a) provides that, among other things, the secured creditor must retain its lien during the term of the plan, and receive payments under the plan in an amount equal to its allowed secured claim and "not … less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan." 11 U.S.C. § 1325(a)(5). Section 1327, in turn, states that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). Moreover, any modified plan, including one filed under the CARES Act, must comply with sections 1322(a), 1322(b), and 1323(c), as well as the requirements of section 1325(a), of the Code.[4]

### III. Analysis

Prior to February 2020, the Debtor was operating under his confirmed plan and the Creditor was scheduled to receive payments equal to the amount of its allowed secured claim. Things changed dramatically after that point. The Debtor made the difficult decision to leave his employment with the United States Postal Service at the onset of the global pandemic, as he is in a high risk category with respect to the novel COVID-19 virus. Tr., ECF 45 at 10. After his

---

[4] Section 1329 of the Code, which governs the approval of modified plans, provides, in relevant part,
    (d)(1) Subject to paragraph (3), for a plan confirmed prior to the date of enactment of this subsection,
    the plan may be modified upon the request of the debtor if--
        (A) the debtor is experiencing or has experienced a material financial hardship due, directly
        or indirectly, to the coronavirus disease 2019 (COVID-19) pandemic; and
        (B) the modification is approved after notice and a hearing.
    (2) A plan modified under paragraph (1) may not provide for payments over a period that expires
    more than 7 years after the time that the first payment under the original confirmed plan was due.
    (3) Sections 1322(a), 1322(b), 1323(c), and the requirements of section 1325(a) shall apply to any
    modification under paragraph (1).
11 U.S.C. § 1329(d).

employment terminated, the United States Postal Service stopped making payments to the Chapter 13 Trustee under the wage order, and the Debtor fell behind on his plan payments.

The Debtor's original confirmed chapter 13 plan required the Debtor to make monthly plan payments of $415 to the Chapter 13 Trustee for a period 48 months. ECF 24. As noted above, these payments were funded through a wage order. ECF 31. Under the original plan, the Chapter 13 Trustee was to pay the Creditor's claim in full in the amount of $7,825 at an interest rate of 6.5 percent. ECF 24, § 4.6.3. The original plan did not provide any other or additional adequate protection of the Creditor's claim. *Id.* at § 4.6.1.

The Creditor did not object to its treatment under the original plan. Despite not including any periodic cash payments as adequate protection, the original plan provided for full payment of the Creditor's claim with interest and with the assurance of funding through a wage order. Admittedly, the certainty of the confirmed original plan deteriorated upon the Debtor's change in employment status and the default under the original plan.

Consequently, at the time the Creditor filed the Stay Motion, the Creditor's interest in the Vehicle was not adequately protected. The Creditor's arguments in the Stay Motion concerning the plan default and a lack of adequate protection were valid and the Creditor had a right to raise those arguments under section 362(d) of the Code, notwithstanding the confirmed original plan. *See, e.g., Martinez v. Wells Fargo Bank, N.A. (In re Martinez)*, No. BAP CC-19-1037-FSTA, 2019 WL 5066773, at *4–5 (B.A.P. 9th Cir. Oct. 8, 2019) (explaining "that '[p]ost-confirmation defaults would not be considered at the confirmation hearing and are therefore not subject to res judicata flowing from the order'"). A creditor's request for relief from stay for lack of adequate protection can, however, be resolved through the subsequent provision of adequate protection. 11 U.S.C. §§ 361, 362. The Court thus considers whether the Debtor's modified plan resolves the Stay Motion, at least under the current circumstances.

At the September Hearing, the Creditor stressed that it was not receiving postpetition payments, whether under the original plan or otherwise. Tr., ECF 45 at 4–5, 8–9.The Debtor did not dispute this fact, and as the Creditor noted during both hearings, is deemed to have admitted this fact by failure to respond to the Creditor's Request for Admissions.[5] ECF 39, Ex. 1; Tr., ECF 45 at 4–5. The question is, however, whether the confirmed modified plan changes the adequate protection analysis.

The Debtor filed his modified plan the day of the September Hearing. The modified plan provides for the same monthly payment of $415 to the Chapter 13 Trustee, but incorporates the seven month period during which the Debtor was unemployed and extends the payment period to 56 months. ECF 43. The Creditor's treatment remains unchanged from the original plan, other than a delay in payment caused by the seven-month default period. The wage order remains in place, and the Debtor represented that he was rehired by the United States Postal Service, the employer subject to the wage order. ECF 31; Tr., ECF 45 at 10–11. Thus, the monthly payments under the plan presumably will be forthcoming directly from the Debtor's employer.

A proposed modification to a chapter 13 plan is governed by section 1329 of the Code. Although the Debtor's chapter 13 plan does not seek an extension of the payment period beyond the 60 months generally permitted under the Code, the events giving rise to his need for an extension certainly come within the CARES Act. Indeed, in March 2020, Congress amended section 1329 of the Code through the CARES Act to allow debtors affected by the global pandemic to modify their confirmed chapter 13 repayment plans. Section 1329, as amended, provides, in relevant part, that a chapter 13 plan "may be modified upon the request of a debtor if– the debtor

---

[5] *See* Fed. R. Civ. P. 36, made applicable to this contested matter by Fed. R. Bankr. P. 7036, 9014.

is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID-19) pandemic." 11 U.S.C. § 1329(d)(1)(A).

In addition, and regardless of whether a proposed modified plan is filed pursuant to the CARES Act, a modified plan must meet the same requirements for confirmation as the original plan, including those set forth in section 1325. 11 U.S.C. §§ 1329(a), (d). Section 1325(a)(5) generally governs the treatment of secured claims under a chapter 13 plan. This subsection states, among other things, that the chapter 13 plan shall provide any adequate protection applicable to secured claims.[6] As *Collier on Bankruptcy* (a well-respected bankruptcy treatise) explains,

> The fact that provision of adequate protection has now been explicitly included in the standards for plan confirmation further buttresses those cases which have held that a creditor may not, after confirmation, seek relief from the stay based on a lack of adequate protection because the issue of adequate protection should have been raised before confirmation and confirmation of the plan is *res judicata* on the issue of adequate protection. Moreover, if a secured creditor does not object to the plan, the creditor is deemed to have accepted the adequate protection provided by the plan.

8 COLLIER ON BANKRUPTCY ¶ 1325.06[3][b][ii][B] (Richard Levin & Henry J. Sommer eds., 16th ed.).

---

[6] Section 1325(a) of the Code provides, in pertinent part,
   **(5)** with respect to each allowed secured claim provided for by the plan--
   **(A)** the holder of such claim has accepted the plan;
   **(B)(i)** the plan provides that--
      **(I)** the holder of such claim retain the lien securing such claim until the earlier of--
         **(aa)** the payment of the underlying debt determined under nonbankruptcy law; or
         **(bb)** discharge under section 1328; and
      **(II)** if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
   **(ii)** the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
   **(iii)** if--
      **(I)** property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
      **(II)** the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; ….
11 U.S.C. § 1325(a)(5).

The Creditor was served with the Plan Motion, and the filing of that motion was discussed during the September Hearing. Tr., ECF 45 at 3, 6. The notice that accompanies the Plan Motion also indicated the need to file a written objection or that the Court may grant the motion without further notice or hearing. ECF 40. As numerous courts have noted, a creditor's failure to object to a debtor's proposed chapter 13 plan binds the creditor to the terms of the confirmed plan. *See, e.g., In re Hadfeg*, 585 B.R. 208, 212 (Bankr. S.D. Fla. 2018) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010)); *see also In re Shealy*, 599 B.R. 397, 402–03 (Bankr. M.D. Ga. 2019); *Fraser v. CitiMortgage, Inc. (In re Fraser)*, 599 B.R. 830, 834–35 (Bankr. W.D. Pa. 2019); *In re Chorba*, 582 B.R. 380, 385 (Bankr. D. Md. 2018).[7] "Applying these standards, courts have given preclusive effect to chapter 13 plan provisions addressing issues of adequate protection, lack of equity, and the retention of property necessary for successful reorganization. *Ellis v. Parr (In re Ellis)*, 60 B.R. 432, 434 (B.A.P. 9th Cir. 1985); *Ford Motor Credit Co. v. Lewis, et al. (Matter of Lewis)*, 8 B.R. 132, 137 (Bankr. D. Idaho 1981)." *In re Bergmann*, 599 B.R. 348, 353 (Bankr. D. Idaho 2019).

The Court acknowledges that all parties were aware of the Creditor's concerns regarding adequate protection prior to the filing of the Debtor's proposed modified plan, as those issues were set forth in the Stay Motion. The Debtor's proposed modified plan offered the same treatment terms for the Creditor as the original plan—e.g., monthly payments in full satisfaction of the allowed secured claim at an interest rate of 6.5 percent and funding of the plan through a wage order. ECF 31, 43. The Creditor did state at the September Hearing that its payments under the

---

[7] Courts generally recognize the res judicata effect of a confirmed plan. *See, e.g., Bullard v. Blue Hills Bank*, 135 S. Ct. at 1692; *Zardinovsky v. Arctic Glacier Income Fund (In re Arctic Glacier Int'l, Inc.)*, 901 F.3d 162, 166 (3d Cir. 2018); *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). The Fourth Circuit also has explained that the term "res judicata" may be used to invoke the doctrine of claim preclusion or issue preclusion and that both such doctrines apply in a bankruptcy case. *See Chorba*, 582 B.R. at 385–86. The Court notes that the issue before it is different than the claims administration issue addressed by *Chorba*. The Debtor's confirmed modified plan directly addresses adequate protection payments for secured creditors.

10

modified plan would now be delayed further because of the several month default period and the priority scheme of the Code. Tr., ECF 45 at 12. But both parties acknowledged that those payments to the Creditor should begin in a few months and would be made directly by the Chapter 13 Trustee. *Id*. at 9, 12. The Court appreciates the potential harm that may be caused by a delay in payments, but the Creditor ultimately did not file an objection to the proposed treatment and the Court has nothing before it to suggest that the Debtor will not perform under the confirmed modified plan.

### IV. Conclusion

Based on the entirety of the record, the Court concludes that the Creditor is bound by the terms of the modified confirmed plan and that the amount, interest rate, timing, and source of the payments to the Creditor under the modified plan provide any necessary adequate protection under the facts and circumstances of this case. The record shows an interruption in plan payments due to issues directly or indirectly related to the global pandemic and a modified plan that was confirmed, without objection, as satisfying sections 1325 and 1329 of the Code. The Court's determination is grounded in the facts and circumstances as they existed at the time of the September and October Hearings. To the extent those facts and circumstances change, nothing in this Memorandum Opinion or the related Order affects the Creditor's rights to seek further appropriate relief from the Court. Accordingly, the Court will deny the Stay Motion without prejudice. The Court will enter a separate Order consistent with this Memorandum Opinion.

cc:
Debtor
Debtor's Counsel – William Grafton
Creditor's Counsel – Michael Klima
Chapter 13 Trustee

**END OF MEMORANDUM OPINION**